UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERT BANKS** | : | **CIVIL ACTION 2:17-cv-507** |
| REG. #05834-025 | | **SECTION P** |
| **VERSUS** | : | **JUDGE: UNASSIGNED** |
| **CLAY JOHNSON** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* application for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by petitioner Robert Banks ("Banks"). Banks is in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.**
**BACKGROUND**

On November 30, 1998, Banks pleaded guilty in the First Judicial Circuit, Jackson County, Illinois, No. 98-cf-486, to unlawful possession of cannabis with intent to deliver, a Class 4 felony. *See* doc. 1, att. 2, pp. 2–7 (guilty plea and sentencing transcript). On the same day, he was placed on "probation without conviction" and sentenced to 18 months of probation. *Id.* at 8. On the same date an "Order for Probation Without Conviction" was entered, noting that the court had found Banks guilty of the above offense and would defer entering a conviction of record in the case. *Id.* at 16.

On March 4, 2003, a federal grand jury returned an indictment charging Banks with conspiracy to distribute a mixture and substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. *United States v. Banks*, 4:03-cr-40019 (S.D. Ill.), doc. 13. On November 2, 2004, a six-count second superseding indictment was returned alleging that Banks

conspired with others to distribute cocaine and that that he knowingly and intentionally distributed marijuana and cocaine. *Id.* at doc. 65. On November 6, 2004, the government filed an Information to Establish Prior Conviction, pursuant to 21 U.S.C. § 851. *Id.* at doc. 68. On November 8, 2004, Banks pleaded guilty in the United States District Court for the Southern District of Illinois to Counts 2, 4, 5, and 6 of the second superseding indictment. *Id.* at doc. 70. On July 27, 2005, the district court sentenced Banks to terms of 360 months of imprisonment on Counts 2, 5, and 6, and 120 months of imprisonment on Count 4, with all terms to run concurrent to each other. *Id.* at doc. 91. At the government's motion, Counts 1 and 3 were dismissed without prejudice. *Id.* at doc. 98. Banks appealed and the matter was remanded for a more definite statement as to the condition of supervised release pertaining to drug testing. *Id.* at doc. 124. On May 11, 2007, the district court filed an amended judgment clarifying the conditions of supervised release but otherwise it imposed the same term of imprisonment, fine, and supervised release. *Id.* at doc. 129.

On March 6, 2008, Banks, through counsel, filed a timely 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, which was denied by the district court on January 23, 2009. *Banks v. United States*, 3:08-cv-63 (S.D. Ill.), docs. 5, 10. On July 8, 2009, the United States Court of Appeals for the Seventh Circuit denied Banks' motion for a certificate of appealability. *Id.* at doc. 27. On November 30, 2016, Banks' fourth motion for leave to file a successive § 2255 was denied by the Seventh Circuit.[1] *Banks*, 4:03-cr-40019, at doc. 163. In denying the motion, the court stated:

> For a fourth time Robert Banks has filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking to file a successive motion to vacate under § 2255. Banks wishes to challenge his sentence enhancement under 28 U.S.C. § 851, arguing that he did not in fact have a prior conviction. But this claim is not newly available and thus is barred under § 2244(b)(2)(A).

*Id.* at 1.

---

[1] The court also imposed sanctions, in the form of a $500 fine and a pre-filing injunction, for Banks' continued filing of frivolous papers. *Banks*, 4:03-cr-40019, doc. 163, p. 2.

Banks filed the current § 2241 in this court claiming, as he has previously, that his sentence was improperly enhanced under 28 U.S.C. § 851 based on his guilty plea to unlawful cannabis possession in 1998, which he contends could not count for a prior conviction. Doc. 1, p. 5; doc. 1, att. 1. He also claims that the "[g]overnment's use of the procedurally defected § 851 enhancement caused the court to exceed the punishment authorized by Legislature." Doc. 1, p. 5. His final claim is that his plea counsel, appeal counsel, and § 2255 counsel were ineffective for failing to investigate "the prior alleged conviction, [and] to thoroughly compare it to the Government's § 851 Notice," thus causing his 2255 motion to be rendered inadequate and/or ineffective. *Id.*

## II.
### LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Banks collaterally attacks his incarceration, arguing errors with regard to his federal conviction, and makes no claim against the execution of his sentence. Therefore, his claim should be advanced in a § 2255 motion to vacate.

An application for writ of *habeas corpus* brought under § 2241 may be properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877–78. The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence

to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers*, 253 F.3d at 830.

A remedy under § 2255 is not necessarily inadequate or ineffective simply because a petitioner has previously been denied relief under that section, is unable to meet the second or successive requirement (*Jeffers*, 253 F.3d at 830) or is barred from seeking it under the one-year limitations period. *See Pack v. Yusuff*, 218 F.3d 448, 452–53 (5th Cir. 2000) (rejecting argument that procedural bar of one-year limitations in § 2255 rendered remedy inadequate). However, a petitioner can fulfill the savings clause's standards and meet the burden of establishing an ineffective or inadequate remedy if he satisfies the following factors: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904 (emphasis added).

Banks' allegations are insufficient to invoke the savings clause. As noted above, § 2255's remedies are not inadequate or ineffective merely because his prior motion was unsuccessful and he was unable to meet the requirements for filing a successive motion. He has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### III.
#### CONCLUSION

Banks's allegations are insufficient to invoke the savings clause. Since he has not met the savings clause requirements, his claims are not properly brought under § 2241, and this court lacks

jurisdiction to consider his claims under § 2255. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

Accordingly,

**IT IS RECOMMENDED** that the application for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be dismissed with prejudice as to the jurisdictional issues only and without prejudice in all other respects.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses thereto.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 14th day of September, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE